DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARSHAWN WITHERSPOON,**

          **Plaintiff,**          No. 09-2057-JAR-DJW

**v.**

**JUDGE JOHN McNALLY, et al..,**

          **Defendants.**

_____

**DARSHAWN WITHERSPOON,**

          **Plaintiff,**          No. 09-2669-JAR-DJW

**v.**

**WYANDOTTE COUNTY DEPUTIES, et al.,**

          **Defendants.**

_____

**DARSHAWN WITHERSPOON,**

          **Plaintiff,**          No. 09-3170-JAR-DJW

**v.**

**MICHAEL MOOREMAN, et al.,**

          **Defendants.**

_____

**DARSHAWN WITHERSPOON,**

         **Plaintiff,**         No. 10-2043-JAR-DJW

**v.**

**AARON T. ROBERTS,**

         **Defendant.**

_____

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (doc. 4) in Case No. 09-2669-JAR-DJW. For the reasons set forth below, the motion is denied.

Unlike a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, appoint counsel in a civil action pursuant to 28 U.S.C. § 1915(e) when a person is unable to afford counsel.[2] The appointment of counsel under that statute is a matter within the sound discretion of the district court.[3]

In determining whether to appoint counsel, the district court may consider a variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4] The court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his/her own efforts.[5] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the plaintiff is unable to retain counsel through his or her own efforts.

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

[4] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

[5] *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. (applying rule in employment discrimination case).

The Court is unable to determine at this point in time whether Plaintiff is unable to afford counsel.[6] Even assuming arguendo that Plaintiff is unable to afford counsel, the Court finds that several of the other factors favoring the appointment of counsel are lacking in this case. The Court has reviewed Plaintiff's Complaint in this case,[7] and holds that the minimal allegations raised in that Complaint do not permit a finding that Plaintiff's claims have sufficient merit to warrant the appointment of counsel. Because the Court has a limited pool of volunteer attorneys, it is unable to grant requests for counsel in every case. By necessity, the Court must reserve the appointment of counsel to those cases that appear to have the most merit.

Second, this Court requires a plaintiff who seeks the appointment of counsel to make a reasonably diligent effort to obtain counsel on his/her own. Indeed, the Court's form "Motion for Appointment of Counsel," which Plaintiff has completed and filed in this case, directs the moving party to contact the Lawyer Referral Service prior to filing the motion and requires the moving party to acknowledge that he/she has made a good faith effort to find a lawyer.

Plaintiff indicates in his motion that he has only contacted one law firm regarding this case. There are, however, numerous attorneys in the Topeka and Kansas City area who handle civil rights cases, and, provided the cases are perceived to have merit, counsel typically agree to handle them on a contingency fee basis. If Plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Topeka and Kansas City area who handle cases such as this one, the

---

[6] The Court recently entered a Show Cause Order in Case No. 09-2669-JAR-DJW, which noted the discrepancies between the financial affidavit filed in Case No. 09-2669-JAR-DJW and the financial affidavit filed a few weeks later in Case No. 10-2043-JAR-DJW. Plaintiff's current financial status is therefore unclear.

[7] *See* Complaint (doc. 1) in Case No. 09-2669.

Court encourages Plaintiff to do so. The address and telephone number of the Lawyer Referral Service are as follows: 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111.

In light of the apparent lack of merit to Plaintiff's claims and Plaintiff's failure to demonstrate a reasonably diligent effort to obtain counsel on his own, the Court must deny Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 4 in Case No. 09-2669-JAR-DJW) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of March, 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties