lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARSHAWN WITHERSPOON,**

       Plaintiff,          No. 09-2057-JAR-DJW
                        Lead Case

v.

**JUDGE JOHN McNALLY, et al.,**

       Defendants.

_____

**DARSHAWN WITHERSPOON,**

           Plaintiff,          No. 09-3170-JAR-DJW

v.

**MICHAEL MOOREMAN, et al.,**

       Defendants.

_____

## **MEMORANDUM AND ORDER OF DISMISSAL**

    This matter is before the Court on two civil rights actions filed pursuant to 42 U.S.C. § 1983. These cases were consolidated on February 16, 2010 (Doc. 12).[1] Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis.

    In Case No. 09-2057, plaintiff initially sued Wyandotte County. The Court entered an Order to Show Cause (Doc. 5) directing plaintiff to show cause why this case should not be dismissed for incorrectly naming the defendant and for failure to state a claim for relief. In Case

---

[1] Two other section 1983 cases filed by plaintiff were also consolidated with these cases, and have been dismissed in a separate order (Doc. 17).

No. 09-3170, plaintiff initially sued two Wyandotte County deputies and the Wyandotte County Clerk. This Court directed plaintiff to file an amended complaint to identify the specifics of his claim (Doc. 4). Plaintiff filed identical Amended Complaints in both actions, which were further amended in Case No. 09-2057. Because plaintiff proceeds in forma pauperis, the Court may dismiss the Amended Complaints or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[2]

On May, 12, 2010, the Court directed plaintiff to show cause on or before June 2, 2010 why the Amended Complaints in Case Nos. 09-2057 and 09-3170 should not be dismissed as stating no claim for relief (Doc. 19). Plaintiff was advised that the failure to file a timely response may result in the Amended Complaints being dismissed without further prior notice to plaintiff. Plaintiff has not responded to the Order.[3]

Plaintiff names as defendants two Wyandotte County judges, two Wyandotte County deputies, the clerk of the Wyandotte County District Court, and the Wyandotte County Detention Center. The Amended Complaints reflect that the deputies "felt threatened by" plaintiff during a pod check and pressed charges against him; the district court clerk prepared the affidavit and Judge McNally proceeded with the case, resulting in an 18-month sentence. The Amended Complaint in Case No. 09-2057 also names Municipal Judge Roberts, and contends that a city warrant was not removed from his record. Finally, the Amended Complaints allege that plaintiff

---

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] The Order to Show Cause (Doc. 19) was sent to plaintiff via certified mail, return receipt requested. The certified mail was returned, marked "unclaimed" (Doc. 20). Because the docket does not reflect that the Court was previously unable to send mail to plaintiff at his address, nor has he filed a notice of change of address, it appears that plaintiff did not accept the certified mail.

2

was threatened and subjected to cruel and unusual punishment, false incarceration, perjury, endangerment, and miscarriage of justice. The Amended Complaints seek to have the court "legally uses [sic] the Statutes," but the original Complaint seeks $1,000,000 in damages, and $700 per day for plaintiff's false incarceration.

Having reviewed the record, the Court finds the Amended Complaints are subject to summary dismissal for failure to state a claim for relief against any named defendant. Plaintiff's claim against the Wyandotte County judges would be immune from plaintiff's claim for damages.[4] This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority.[5] Likewise, judicial immunity applies to any person who performs judicial acts or activities as an official aide of the judge, including the clerk of the district court.[6]

In addition, plaintiff's attempt to seek damages related to his recent conviction is premature. The Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[7] A claim for damages arising from a conviction or sentence that has not

---

[4]*See Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978) (judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions).

[5]*Id*. at 356.

[6]*Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981); *see also Lundahl v. Zimmer*, 296 F.3d 936, 939-40 (10th Cir. 2002) (finding court clerks entitled to absolute immunity as to their decision to refer plaintiff's applications for entry of default judgment to the judge presiding over the case).

[7]*See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3

been so invalidated is not cognizable under § 1983.[8]

Finally, to the extent plaintiff continues to name Wyandotte County as a defendant, the Amended Complaints fail to allege that the County violated his rights through a county custom, practice, or policy or by the act of a final decision-maker. County liability under § 1983 does not automatically spring from the acts of county employees,[9] but results when the county itself causes the wrong. Such wrongs may arise from official policy, for example, "acts which the [county] has officially sanctioned or ordered," or from the acts of an ultimate county decision-maker.[10] Plaintiff has not alleged any facts as to county policy or acts by county decision-makers.

Accordingly, for the reasons stated herein, the Amended Complaints in Case Nos. 09-2057 and 09-3170 are DISMISSED, without prejudice.

**IT IS SO ORDERED.**

Dated: June 11, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] *See id.*

[9] *Pembaur v. City of Cincinnati.* 475 U.S. 469, 478 (1986).

[10] *Id.* at 479-80.